**HOGAN LOVELLS US LLP**
Vassi Iliadis (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4600
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

Adam A. Cooke*
Derrick Williams*
555 13th Street NW
Washington D.C., 20004
Tel: (202) 637-3600
Fax: (202) 637-3610
adam.a.cooke@hoganlovells.com
derrick.williams@hoganlovells.com

*pro hac vice forthcoming

Attorneys for Defendant
United Healthcare Services, Inc.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE MAGLIOCCA, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED HEALTHCARE SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>    *Defendants*. | Case No. 2:25-cv-01615<br><br>**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>(Yuba County Superior Court Case No. CVCV25-01739) |

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

Defendant United Healthcare Services, Inc. ("UHC") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1332(d), 1441(a), 1446, and 1453, and removes the above-captioned action presently pending in the Yuba County Superior Court as Case No. CVCV25-01739 ("State Court Action"), to the United States District Court for the Eastern District of California.

In support of this Notice of Removal, UHC states as follows:

## BACKGROUND

1.     On October 15, 2025, Plaintiff Joanne Magliocca ("Plaintiff") filed a Class Complaint ("Complaint" or "Compl.") against UHC in the Yuba County Superior Court, Case No. CVCV25-01739, relating to UHC's alleged use of certain analytics technologies on its public website, www.uhc.com (the "Website"). *See* Compl. ¶¶ 1-4. A copy of the Complaint is attached to the Notice of Removal as **Exhibit A**.

2.     Plaintiff seeks to represent a putative nationwide class, consisting of "[a]ll United States residents who accessed the Website . . . starting from two years prior to the filing of this Complaint" (the "Nationwide Class"), as well as a putative subclass, consisting of "[a]ll California residents who accessed the Website in California . . . starting from one year prior to the filing date of this Complaint" (the "California Subclass"). *Id.* ¶ 94.

3.     The Complaint does not specify the size of either the Nationwide Class or the California Subclass, but Plaintiff alleges that members "of the Class are so numerous that joinder of all members is impracticable." *Id.* ¶ 96.

4.     The Complaint lodges a claim on behalf of the putative Nationwide Class under the federal wiretap statute, 18 U.S.C. § 2510 *et seq.* (the "Federal Wiretap Act"), which Plaintiff alleges imposes statutory damages of $10,000 per violation. Compl. ¶¶ 116-27. She also asserts a claim on behalf of the putative California Subclass under the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.* ("CIPA"), which she claims imposes statutory damages of $5,000 per violation,

Compl. ¶¶ 103-15, as well as two other state law claims, Compl. ¶¶ 128-57.  Each claim is predicated on UHC's alleged use of technologies on the Website.

### COMPLIANCE WITH 28 U.S.C. §§ 1441, 1446, 1453

5.   Plaintiff served UHC with the Complaint on October 23, 2025.

6.   UHC is the only named defendant in the State Court Action.[1]  No other defendants need join in or consent to the removal of this action.  28 U.S.C. § 1453(b).

7.   The Notice of Removal is timely because it is filed within 30 days of the service of the Complaint upon UHC.  28 U.S.C. §§ 1453(b); 1446(b)(1).

8.   The Yuba County Superior Court is located within this judicial district. 28 U.S.C. § 84(b).  The Notice of Removal is therefore properly filed in this Court. 28 U.S.C. §§ 1441(a); 1446(a).

9.   Beyond the Complaint, *see* Exhibit A, copies of all other filings in the State Court Action are attached to the Notice of Removal as **Exhibit B**.  28 U.S.C. § 1446(a).  As of the date of this filing, no other pleadings have been filed in the State Court Action, and no motions are pending in the State Court Action.  A copy of the current State Court Action docket sheet is attached to the Notice of Removal as **Exhibit C**.

10.   Pursuant to 28 U.S.C. § 1446(d), upon filing the Notice of Removal, UHC will promptly provide written notice to Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Yuba County Superior Court, along with a copy of the Notice of Removal.

### BASIS FOR FEDERAL JURISDICTION

11.   Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

---

[1] In addition to UHC, the Complaint impleads unknown Defendants Does 1 through 100. *See* Compl.  The Complaint does not make any allegations as to these unknown defendants.

for the district and division embracing the place where such action is pending."  The Court has original jurisdiction over this action for two reasons.

### A. Federal Question Jurisdiction

12.    First, federal courts have original jurisdiction over civil actions arising under federal statutes pursuant to 28 U.S.C. § 1331.  Further, 28 U.S.C. § 1367(a) provides that courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13.    Here, the Court has original jurisdiction over Plaintiff's claim under the Federal Wiretap Act.  *See* 28 U.S.C. § 1331; *see also* Compl. ¶¶ 116-27.  Plaintiff's remaining claims all relate to the same factual allegations that undergird their federal claim: UHC's alleged use of analytics technologies on the Website.  *Compare id.* ¶¶ 116-27 *with id.* 103-15 (First Cause of Action), 128-58 (Third and Fourth Causes of Action).  Therefore, the Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### B. CAFA Jurisdiction

14.    Second, the Class Action Fairness Act ("CAFA") permits removal to federal court of class actions filed in state court if:

(a) any member of the putative plaintiff class is a citizen of a state different than any defendant (28 U.S.C. § 1332(d)(2)(A));

(b) the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(B)); and

(c) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332 (d)(2)).

15.    The jurisdiction of this Court is proper under CAFA because (i) there exists minimal diversity among the parties; (ii) the State Court Action was brought as a putative class action with more than 100 putative members; and (iii) the

aggregate amount-in-controversy—based on Plaintiff's own allegations—exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### i. At Least One Proposed Class Member is a Citizen of a Different State than Defendant

16. Under CAFA, a corporation is considered a citizen of every State where it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1)). *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. UHC is a Delaware corporation with a principal place of business in Minnesota. Compl. ¶ 7. As such, UHC is a citizen of Delaware and Minnesota.

18. The Complaint alleges Plaintiff resides in and thus is a citizen of California. *Id.* ¶ 6. Plaintiff also brings this suit on behalf of a putative Nationwide Class and a putative California Subclass. *Id.* ¶ 94.

19. Because Plaintiff and putative class members are citizens of a state different from UHC, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

### ii. The Members of The Proposed Plaintiff Class Exceed 100

20. The Complaint alleges that the members of the putative class "are so numerous that joinder of all members is impracticable." Compl. ¶ 96. Plaintiff seeks to represent all United States and California residents "who accessed the Website . . . from two years prior to the filing of th[e] Complaint." *Id.* ¶ 94. UHC's business records indicate that the number of individuals in just California who have visited and interacted with the Website during the relevant time period is more than 100.

21. Based on these allegations, CAFA's numerosity requirement is met. 28 U.S.C. § 1332(d)(5)(B).

### iii. The Aggregate Amount in Controversy Exceeds $5,000,000.

31. While the Complaint asserts that "[t]he amount in controversy as to the Plaintiff individually and each individual class member does not exceed $75,000.00,"

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

Compl. ¶ 8, "[a] defendant removing a putative class action need only demonstrate that the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 2:23-cv-01987, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) (quoting 28 U.S.C. § 1332(d)(2)). Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," the removing defendant may "simply allege or assert in the notice removal that the jurisdictional threshold has been met." *Morales*, 2023 WL 5236729, at *3 (cleaned up). The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes or contract." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

32.    In a class action, the claims of individual class members are aggregated to determine whether the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6). Here, Plaintiff does not allege a specific amount in controversy in the Complaint. However, Plaintiff seeks various forms of monetary and injunctive relief that likely exceed the $5 million threshold. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (observing that "[a] defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction").[2]

33.    The Complaint brings a claim under the Federal Wiretap Act on behalf of a putative Nationwide Class, and Plaintiff asserts that each putative class member is entitled to $10,000 in statutory damages per alleged violation. *See* Compl. ¶¶ 94, 127. Plaintiff also asserts a CIPA claim on behalf of the putative California Subclass,

_____

[2] Of course, "[e]ven when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

maintaining that each putative class member is entitled to $5,000 in statutory damages per alleged violation. *Id*. ¶¶ 94, 115.

34.    UHC's business records indicate that more than 500 individuals in California have visited and interacted with the Website during the relevant time period, and thus, according to Plaintiff, would qualify as members of both the putative Nationwide Class and the putative California Subclass. *See id*. ¶ 94. According to Plaintiff's allegations, that would yield statutory damages in an amount exceeding $5 million. *Id.* ¶¶ 115, 127.

35.    In addition, the Complaint seeks attorneys' fees under the Federal Wiretap Act as well as one of Plaintiff's state law claims. *See id.* ¶¶ 127, 148; *see also id.* at Prayer for Relief (seeking "reasonable attorneys' fees and expenses and costs of suit."). Courts in this district require attorneys' fees to be included in the amount-in-controversy estimate when permitted under the asserted claims. *See Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1191 (E.D. Cal. 2020).

36.    Accordingly, the $5 million amount-in-controversy threshold is met here, both under several independent categories of requested relief and in the aggregate.

## RESERVATION OF RIGHTS AND DEFENSES

37.    By removing this case, UHC does not consent to personal jurisdiction; does not concede that this Court is a convenient forum; and does not waive any of its defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including its right to have Plaintiff's dispute arbitrated or decided by other means of alternative dispute resolution upon further investigation.

38.    UHC does not admit any of the allegations in the Complaint, and does not concede that Plaintiff is entitled to any relief. *See Jauregui*, 28 F.4th at 993 ("[T]he defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy"); *Lewis v.*

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

NOTICE OF REMOVAL

*Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is […] not a prospective assessment of defendant's liability.").

39.    UHC reserves the right to amend or supplement the Notice of Removal as necessary.

WHEREFORE, UHC respectfully submits that the State Court Action is properly removed to this Court.

Dated: November 21, 2025

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By: */s/ Vassi Iliadis*
Vassi Iliadis (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4600
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

Adam A. Cooke*
Derrick Williams*
555 13th Street NW
Washington D.C., 20004
Tel: (202) 637-3600
Fax: (202) 637-3610
adam.a.cooke@hoganlovells.com
derrick.williams@hoganlovells.com

*pro hac vice forthcoming*

*Attorneys for Defendant United Healthcare Services, Inc.*